(No. 91-CC-0234-

TRAVENOL LABORATORIES, INC., Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed October 21, 1991.*

MARTIN, CRAIG, CHESTER & SONNENSCHEIM, for
Claimant.

ROLAND W. BURRIS, Attorney General (FRANK LYONS,
Assistant Attorney General, of counsel), for Respondent.

## ORDER

MONTANA, C.J.

This cause comes on to be heard following the joint
stipulation of the parties, due notice having been given,
and the Court being advised, finds:

On July 24, 1991, Claimant, Travenol Laboratories,
Inc., filed this action seeking payment of attorneys' fees
and costs. Jurisdiction is pursuant to section 7(i) of the
Court of Claims Act. (Ill. Rev. Stat., ch. 37, par.
439.7(i).) In pertinent part Claimant's complaint alleges
the following:

"1. In 1986 Travenol initiated an action entitled *Travenol Laboratories,
Inc. v. J. Thomas Johnson, et al.,* No. 86 CH 2417, in the Circuit Court of
Cook County, Illinois, Chancery Division. The complaint sought a
determination as to the validity of a regulation promulgated by the Illinois
Department of Revenue (the 'Department'), pursuant to which the
Department taxed the sale of medical appliances sold to health care
professionals. Travenol also sought an award of its attorneys' fees and costs
incurred in connection with the prosecution of the litigation.

2. On November 23, 1987, the Circuit Court of Cook County granted
Travenol's motion for summary judgment, declared the regulation in

question to be invalid and unauthorized by statute, and ordered the return of the monies which had previously been paid by Travenol under protest.

3. Defendants appealed and on June 24, 1988, the Illinois Appellate Court, First District, dismissed the appeal as being premature because the matter of Travenol's attorneys' fees had not yet been resolved. The Court held that the question of attorneys' fees was strictly ancillary to the issue of the validity of the underlying regulation.

4. On August 8, 1988, defendants sought leave to appeal to the Supreme Court of Illinois, but on October 12, 1988, their petition was denied.

5. Travenol subsequently petitioned the trial court for its attorneys' fees and costs, as provided by statute (Ill. Rev. Stat. ch. 127, par. 1014.1(b) (1989)), and on February 8, 1989, Judge Arkiss entered an Order awarding Travenol $21,175.00 in attorneys' fees and $1,176.38 in costs, for a total of $22,351.38. A copy of that order is attached hereto as Exhibit A.

6. Defendants again appealed and on March 9, 1990, the Illinois Appellate Court, First District, Fifth Division, affirmed the trial court's decision, finding that the regulation in question was invalid and that the trial court's award of $22,351.38 in attorneys' fees and costs was both justified and reasonable. A copy of the opinion is attached hereto as Exhibit B.

7. No appeal was taken from the Appellate Court's decision. The Mandate, a copy of which is attached hereto as Exhibit C, was issued on June 7, 1990.

8. Travenol has incurred and paid for the aforementioned attorneys' fees and costs and is the sole person or entity entitled to the recovery thereof."

On September 11, 1991, the parties through their counsel filed the joint stipulation wherein they agreed to the following:

"It is hereby stipulated between Travenol Laboratories, Inc. and the State of Illinois, acting through their respective attorneys, that the allegations made in the Complaint filed herein are true and that Travenol Laboratories, Inc. is entitled to payment of the amount sought, $22,351.38 in full."

This Court is not bound by such stipulations but it does not seek to interpose a controversy where none appears to exist. In cases such as the one at bar, the role of this Court appears to be just a conduit for payment.

Wherefore, it is hereby ordered that the Claimant be, and hereby is, awarded $22,351.38.